UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. FLEMING,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CIGNA HEALTH CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-04852-EMC<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS**<br><br>Docket No. 17 |

　　　　Plaintiff Jeffrey E. Fleming sues Defendants Cigna Health Corporation, Cigna Health and Life Insurance Company, Cigna Healthcare of California Inc., and Connecticut General Life Insurance for their refusal to provide him with his medical records. He cites a number of statutes and regulations but does not allege the factual or legal basis for any claim. Defendants move to dismiss; Plaintiff has not filed an opposition. For the reasons below, Defendants' motion to dismiss is **GRANTED** and all claims are **DISMISSED with prejudice**.

**I.　　　FACTUAL BACKGROUND**

　　　　Plaintiff alleges that "Defendants refuse to comply [with various laws] regarding the release of Plaintiffs['] Medical records because Plaintiff is a Jehovah's Witness, knowing that it will lead to a lawsuit against a doctor that administered blood to plaintiff." Compl. at 1. Plaintiff also claims that "defendants have admitted that a Dr. has billed them for 'plasma' (clinical name for blood) and since the moment that I stated I was a Jehovah's Witness the defendants have REFUSED to give copies of plaintiff's medical records to the Plaintiff[.]" *Id.* at 5. Plaintiff's various attempts to obtain records have gone unanswered, but he does not allege defendants ever explicitly refused to provide them. At one point, he spoke with an "Yvonne," and states, "I PLAINLY PUT TO Yvonne 'If you don't send me what I have requested, you will be

discriminating against me because I am a Jehovah's Witness". DOESN'T GET ANY CLEARER TH[A]N THAT." *Id.* Apparently some records (it is unclear what) were then sent to Plaintiff's ex-wife, who did not provide them to Plaintiff; Plaintiff has been unable to obtain another copy from defendants. Plaintiff seeks "the immediate release of all, paper, Electronic, cloud storage, archived files of all actions billed to Cigna Health Insurance from the date of August 20th 2008" onwards, enforcement of 42 U.S.C. § 2000h by the Attorney General, and $10 million for pain and suffering. *Id.* at 6.

## II. **PROCEDURAL BACKGROUND**

This is Plaintiff's third complaint arising from Defendants' alleged refusal to provide his medical records, but the prior two were filed in another proceeding. *See Fleming v. Cigna Health Corp.*, Case No. 3:15-cv-04646-EMC ("*Fleming I*"). On March 4, 2016, the Court dismissed Plaintiff's initial complaint for failure to identify specific conduct attributable to any particular defendant that would give rise to a cause of action. *Id.*, Docket No. 27 (N.D. Cal. Mar. 4, 2016). The Court granted Plaintiff leave to amend to file a complaint that "specifically: (1) identifies the legal and factual basis for each cause of action, (2) identifies which causes of action are brought against which Defendants, and (3) provides a specific statement of how each Defendant engaged in the conduct that is the basis for the claims asserted against that Defendant." *Id.* at 2.

Plaintiff filed an amended complaint, which the Court also dismissed for similarly failing to specifically identify misconduct by each defendant or a factual basis for each cause of action. *See Fleming I*, Docket No. 38 at 2 (N.D. Cal. Jun. 23, 2016). The Court held that if Plaintiff were to file an amended complaint, he must "(1) identify the legal and factual basis for each cause of action, (2) identify which cause of action is brought against which Defendant, and (3) provide a specific statement of how each Defendant engaged in the conduct that is the basis for the claims asserted against that Defendant." *Id.* at 4. The Court also warned that failure to comply "will be grounds for dismissal with prejudice." *Id.* The Court also dismissed Plaintiff's Health Insurance Portability and Accountability Act of 1996 ("HIPAA") claims with prejudice and his civil rights claims with leave to amend to show that Defendants "assumed the role of 'state actors' in their allegedly unlawful conduct." *Id.* In lieu of filing an amended complaint, Plaintiff moved to

2

voluntarily dismiss the lawsuit without prejudice and stated, "I understand that if granted, I will have one shot at refiling properly, and one shot only! I have to maintain access to my Medical Records." *See Fleming I*, Docket No. 40 at 2. The Court granted Plaintiff's motion on August 26, 2016.

Plaintiff filed the instant case and complaint nearly one year later, on August 18, 2017. *See* Docket No. 1. There are three main differences with the prior complaint. First, Plaintiff adds Connecticut General Life Insurance as a Defendant, but has not specifically accused it of doing anything. Second, Plaintiff identifies new federal laws allegedly violated, including 29 CFR Part 1605 (guidelines regarding prohibited religious discrimination in employment), 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964 prohibiting discrimination in employment), and 42 U.S.C. § 12101 (Americans with Disabilities Act of 1990). Nevertheless, although the factual allegations have some additional color, the gist is the same, although they are vague and difficult to follow. Because the factual allegations arise out of the same disputed request for medical records in *Fleming I*, the complaint in this case is essentially a Second Amended Complaint.

### III. DISCUSSION

This complaint suffers the same flaws as Plaintiff's first two complaints.

First, Plaintiff fails to specifically attribute any alleged unlawful act to any particular defendant. Thus, it is impossible to ascertain which claims are brought against which defendant or the factual basis for each defendant's liability. As before, Plaintiff's allegations fail to comply with Rule 8's requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). The complaint does not comply with the Court's two prior dismissal orders requiring Plaintiff to specifically explain each defendant's purportedly unlawful actions. This failure to provide fair notice requires **DISMISSAL** of all Plaintiff's claims.

Second, Plaintiff re-alleges a violation of HIPAA, but the Court already dismissed that claim with prejudice because "HIPAA itself does not provide for a private right of action." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007); *see* 65 Fed. Reg. 82601

3

1  (Dec. 28, 2000) ("Under HIPAA, individuals do not have a right to court action."). *See Fleming I*,

2  Docket No. 38 at 6. This claim is again **DISMISSED**.

Third, Plaintiff once again fails to plausibly allege that any of the Defendants are state actors such that they may be held liable for violations of 42 U.S.C. § 2000a-1 (prohibiting state laws that require discrimination or segregation based on race, color, religion, or national origin). *See Fleming I*, Docket No. 38 at 5-6. He makes no attempt to do so. This claim therefore is **DISMISSED**.

Fourth, Plaintiff fails to state a claim for employment discrimination in violation of 42 U.S.C. § 2000e, *et seq.*, or 29 CFR Part 1605, because he does not allege that he sought employment with, or is or was ever employed by, any of the Defendants. The only relationship between Plaintiff and the Cigna Defendants appears to be that between a patient and health insurance company; the Court cannot plausibly infer an employment relationship. This claim is **DISMISSED.**

Fifth, Plaintiff fails to state a claim of disability discrimination in violation of 42 U.S.C. § 12101. He does not allege that he has a disability and, other than citing the statute, does not allege that any of the Defendants discriminated against him on the basis of a disability. This claim is **DISMISSED** because no facts are alleged from which the Court can infer unlawful disability discrimination.

Sixth, Plaintiff's complaint makes no reference whatsoever to Defendant Connecticut General Life Insurance, other than listing it in the caption and alleging its mailing address. Plaintiff does not allege any plausible connection between this defendant and the purported withholding of his medical records by the Cigna Defendants. All claims against Connecticut General Life Insurance are **DISMISSED**.

Because this is Plaintiff's third bite at the apple and the Court's prior orders permitting amendment clearly identified the deficiencies and what Plaintiff needed to do in order to remedy them, the dismissal of all claims above is **with prejudice**. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that district court may dismiss a case with prejudice for failure to comply with a court order after weighing "(1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives"). On the whole, these factors weigh in favor of dismissal with prejudice. The Court attempted less drastic alternatives by permitting Plaintiff two opportunities to amend his complaint with specific guidance each time. The public interest and the Court's need to manage its docket also weigh in favor of dismissal; these claims have been pending for nearly three years, since October 2015. *See Yourish v. Cal Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (observing that "the public's interest in expeditious resolution of litigation always favors dismissal"); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (affirming dismissal of pro se complaint with prejudice because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"). Moreover, this is the second time Plaintiff has failed to file an opposition to Defendants' motions to dismiss. In these circumstances, the policy interest in resolution on the merits is outweighed by the other *Ferdik* factors. Because Plaintiff's claims are dismissed with prejudice, Plaintiff may not file an amended complaint or open a new case based on the same allegations.

## IV. CONCLUSION

Defendants' motion to dismiss is **GRANTED with prejudice**. The June 28, 2018 hearing is **VACATED**.

This order disposes of Docket No. 17. The Clerk of the Court shall enter judgment for Defendants and close the case.

**IT IS SO ORDERED**.

Dated: June 18, 2018

_____
EDWARD M. CHEN
United States District Judge